## Commonwealth ex rel. Showalter, etc., v. Sandel

*Clair Groover*, for relator.
*Merrill W. Linn*, for defendant.

SHOWERS, P. J., August 26, 1953.—We hereinafter set forth the salient facts upon which an order is subsequently founded. On April 25, 1952, a suggestion was filed in the Court of Common Pleas of Union County, Pennsylvania, to May term, 1952, no. 45, that the court award a writ of quo warranto, by relators and citizens of the Township of Union, Union County, Pa., raising the following questions: First, whether the offices of the justice of the peace and school director of Union Township, Union County, held by W. E. Sandel, are incompatible, and second, whether defendant is exercising the rights and duties of school director of Union Township without legal authority. To this complaint defendant on May 15, 1952, filed preliminary objections requesting judgment on the pleadings, and to quash the action of relators, and to require

the relators to file a more specific complaint concerning the particulars set forth in the foregoing defendant's preliminary objections. Relators filed an answer to the preliminary objections on June 12, 1952, and on the same date filed an amended complaint for writ of quo warranto. Defendant to the foregoing pleadings, filed a motion to strike off the amended complaint. The above case was listed for argument at the term of argument court held in Union County on November 13, 1952. At the time the court called the case for argument, relators by their counsel, recognizing in all probability the irregularities and insufficiencies existing in their pleadings, entered into an agreement with counsel for defendant, which agreement was approved by the court and directed to be filed. Defendant excepts to the failure of relators to comply with the second paragraph of the agreement, which provides as follows:

"That all pleadings in the present case shall be stricken from the record and the Relator shall file a Complaint of Writ of Quo Warranto Nunc Pro Tunc as if the same were filed on April 25th 1952, the date of the original filing, provided that the cause of action and the parties shall remain the same as in the original pleadings."

and with the fourth paragraph of the agreement, which is as follows:

"Provided however, that no new parties other than the original parties shall be incorporated in the Complaint nunc pro tunc, and provided further, that defendant reserves the right to attack the Relators, as parties, on the Complaint nunc pro tunc, and also reserves the right to attack the statement of the district attorney and his signature thereon."

The pleadings on the part of relators are inconsistent with and contrary to the expressed provision agreed to by counsel for the relators. New names were added

to the present petition which were not in the original petition and it is therefore inconsistent with the expressed terms and provisions set forth in the agreement.

We are not concerned with the nonconformity on the part of relators with the agreement in view of the fact that the pleadings are not in accord with the Rules of Civil Procedure provided for by the Supreme Court. Rule 1024(c) relating to verification, is as follows:

"The verification shall be made by one or more of the parties filing the pleading unless all the parties (1) lack sufficient knowledge or information, or (2) are outside the jurisdiction of the court and the verification of none of them can be obtained within the time allowed for filing the pleading. In such cases, the verification may be made by any person having sufficient knowledge or information and belief and shall set forth the source of his information as to matters not stated upon his own knowledge and the reason why the verification is not made by a party."

The complaint was signed by eight individuals and sworn to by one individual with a form of consent signed by Paul M. Showalter. Under Pa. R. C. P. 1111, it is provided:

"Except as otherwise provided in this chapter, the procedure in the action of quo warranto shall be in accordance with the rules relating to the action of assumpsit."

In Goodrich-Amram, Procedural Rules Service, sec. 1111-1, it is stated:

"These Rules effect no change in the scope of the action of quo warranto. They do not define the action and the scope and use of the Action will remain unchanged from the prior practice.

"Recognition is given to the basic classifications of quo warranto actions— (1) those brought by the Attorney General against officers of the Commonwealth;

. . . (6) those brought by the local District Attorney against officers of a political subdivision; . . . (8) those brought by a private individual against officers of a political subdivision; . . .

"These Rules make no change in the prior practice which imposes limitatians upon the right of the District Attorney or a private relator to bring the action."

Pennsylvania R. C. P. 1112 provides, inter alia:

"(b) An action brought in the name of the Commonwealth on the relation of the District Attorney may be brought in and only in the county where a political subdivision is located when the action is against an officer thereof.

"(c) An action brought in the name of a party who has an interest distinct from that of the general public may be brought in and only in. . . . (2) the county where a political subdivision is located when the action is against an officer thereof; . . ."

Pennsylvania R. C. P. 2002 provides:

"(a) Except as otherwise provided in clauses (b), (c) and (d) of this rule, all actions shall be prosecuted by and in the name of the real party in interest, without distinction between contracts under seal and parol contracts. . . ."

In pursuance of the aforementioned agreement, relators filed a suggestion for a writ of quo warranto, to which complaint defendant filed preliminary objections on March 17, 1953, setting forth, inter alia, a request for judgment on the pleadings, to quash, and for relators to file a more specific complaint concerning the particulars set forth in the foregoing defendant's preliminary objections. It is our understanding that among relators filing a complaint suggesting that a writ of quo warranto be issued, at least one of the relators must be a party in interest. The pleadings filed subsequent to the original pleadings, sets forth or pre-

sents for our consideration the same questions involved in the original pleadings. It is immaterial that the present pleadings before the court are not in accordance with the agreemnt filed by counsel for the respective parties. A divergence from the agreement may be all important if we were to conclude that the pleadings were in proper form and order, which of course, we refuse to do. It becomes all important to us in our consideration of the pleadings to determine whether they are in accordance with the Rules of Civil Procedure and judicial interpretation. The Pennsylvania courts have construed the words, "Any person or persons desiring to prosecute the same", to mean any person who has an interest to be affected. The right of private relator in a case of public right involving any individual grievance will be allowed by the court: Commonwealth ex rel. Laughlin v. Cluley, 56 Pa. 270. To invoke the issuance of a writ of quo warranto in a case such as we have before us for our consideration, relator must show that he has a personal interest in the controversy. If defendant in the case before the court holds a public office without authority of law, and thereby keeps out of it another who is entitled thereto, he not only commits a public, but also a private, wrong and the individual aggrieved may have the right in the name of the Commonwealth to secure his rights. See Commonwealth ex rel. District Attorney et al. v. Gibson et al., 316 Pa. 429. A writ of quo warranto is not of right, and court is not bound to issue it except in the exercise of a sound discretion, and never at the instance of a private relator who has not a direct interest in the office in question. See Commonwealth ex rel. Trimble v. Jenkins, 6 Luz. 17. A claimant for a public office occupied by a de facto official is the proper person to maintain an action in quo warranto: Commonwealth ex rel. District Attorney v. Gibson, supra.

In the controversy arising between the parties in this case, the burden is placed upon relator to show that he has a personal interest greater than that which he has merely as an inhabitant of a political subdivision. It has not been called to our attention, nor do the pleadings aver that any of the petitioners set forth in the pleadings, has an interest other than as an inhabitant or citizen of a political subdivision. It is necessary that a relator have some peculiar personal interest aside from his general interest as a member of the public. See Commonwealth ex rel. Schermer v. Franek, 311 Pa. 341. The proof of the pudding is in determining whether a judgment of ouster would place any of the petitioners in the office if defendant were ousted. If so, the motion of defendant for judgment on the pleadings should be denied. If, on the other hand, none of the petitioners would benefit by a judgment of ouster, i.e., be placed in the position held by defendant, then it could not be said that relators have such a personal interest as would entitle them to maintain this action. It has not been called to our attention by counsel for relators that anyone has an interest which would render him eligible to the office of defendant if a judgment of ouster were to issue. Nor have we been able to determine after a careful perusal of the pleadings, that any of relators have the interest requisite for them to have an order to maintain the action at hand. To invoke the issuance of a writ of quo warranto, relator must show a special interest in the controversy greater than that of a mere member of the public. If the judgment of ouster would not place relator in office it cannot be said that he has such a right as would warrant a judgment of ouster against the official in office. See Commonwealth ex rel. Schermer v. Franek; also Commonwealth ex rel. Franek v. Schermer, 311 Pa. 342. The right of quo warranto to test title to public office will not be sustained at the

instance of taxpayers, citizens, property holders or associates upon the board of which defendant is a member: Commonwealth ex rel. v. Gillespie, 16 Dist. R. 214. In order to make out a prima facie case sufficient to entitle relator to have a writ of quo warranto issue, the suggestion must show that respondent has no right to the office, and that relator has a personal or individual interest that is interfered with by reason of respondent's occupancy of it. See Commonwealth ex rel. Selby v. Reist et al., County Commisioners, and Charles L. Long, 19 Dist. R. 553. An illuminating discussion of this subject is found in a decision of the United States Supreme Court construing a statute which provided for the institution of proceedings in quo warranto for usurpation, first by the Attorney General or the district attorney on his own motion, or at the relation of a third person, by leave of court, and second that upon refusal of the Attorney General and district attorney after request by a person interested, such person might apply to the court for leave to proceed. The conclusion reached by the court was that the interest which will justify such a proceeding by a private individual must be more than that of a taxpayer: Newman v. United States ex rel. Frizzell, 238 U. S. 537, 59 L. Ed. 1446, 35 S. Ct. 881.

We are of the opinion and so hold that the consent on the part of the district attorney is not sufficient if he is to be considered a real party in interest, but that he should likewise make verification to the complaint. In the event that it is considered to be the act of certain individuals, then it becomes the duty of the individual or individuals to show a specific right to the office complained of, that is, school director. Nowhere in the complaint as filed, do the complainants show any one of their members as being specifically entitled to the office of school director held by W. E. Sandel, defendant. In paragraph (8) of the complaint, it is stated:

"Your complainants aver that they and each of them are citizens of the United States of America and of Pennsylvania and are residents of the Township of Union, County of Union and State of Pennsylvania."

Paragraph (9) of the complaint is as follows:

"This complaint is filed at the suggestion of the within complainants and Paul M. Showalter, Esquire, District Attorney of Union County, Pennsylvania. Said Complainants being residents and tax payers of the Municipality of Union Township and as residents of the Municipality and as tax payers of the School District of Union Township, Union County, Pennsylvania."

Nowhere do relators allege that they, or any one of them, are entitled to the office which defendant holds. In Commonwealth ex rel. Margiotti v. Union Traction Company of Philadelphia et al., 327 Pa. 497, 507, 511; 194 Atl. 661, 668 (1937), the writ of quo warranto was quashed since relator did not have any right to the office, and it was so apparent on the face. The court held:

" 'No decision has been made that this court is obliged to entertain such writ, if in their opinion it was improvidently issued. The issue of the writ does not end the discretion of the court.' . . . The court may in its discretion withhold relief or decline to proceed to judgment, and it may exercise its discretion, and dismiss the proceeding or render judgment for defendant, upon the case made by the pleadings, or at the final hearing, where the facts disclosed are such that if they had been made known in the first instance leave to file the information would have been refused, as where there has been laches or long acquiescense on the part of the relators or the public, or where the rendition of a judgment of ouster would not be in the public interest or serve any good end or purpose."

We think the above authorities rule the present case

and form the basis upon which the hereinafter order is founded. Relators do not show any private interest not common to ordinary citizens. There is in our opinion, no private injury to be remedied.

And now, August 26, 1953, motion for judgment on the pleadings is hereby granted, unless relators file a complaint in conformity with the Rules of Civil Procedure, within a period of 20 days from the receipt of this opinion, costs to be paid by relators, and it is so ordered.